UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD HERSHIPS, | No. 2:19-cv-01872 KJM AC (PS) |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| GAVIN NEWSOM, | |
| Defendant. | |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). ECF No. 2. The motion to proceed IFP will therefore be GRANTED.

I. SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-

policies/current-rules-practice-procedure/federal-rules-civil-procedure. Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity

to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

    A. The Complaint

Plaintiff brings suit under 42 U.S.C. §1983 for deprivation of civil rights and seeks a temporary restraining order (TRO) challenging the "State of California's funding scheme of the State Trial Courts, which deprives over 4 million traffic court defendants of their federal guaranteed rights to a 'neutral and detached judge in the first instance' who hears all trials on traffic court cases in California." ECF No. 3 at 1 (Amended Complaint). Plaintiff alleges that AB 233, the Trial Court Funding Act, which was enacted in 1997 and is codified in Cal. Gov. Code § 68085, created a "Trial Court Trust Fund" in which all penalty assessments imposed in traffic court after a finding of guilt are deposited. Id. at 2. In furtherance of AB 233, Cal. Gov. Code § 77003 was enacted, which requires all judicial officer salary and benefits to be paid from the Trial Court Trust Fund. Id. Plaintiff further alleges money from traffic penalties goes to the "State Court Facilities Construction Fund," codified at Cal. Gov. Code § 70371. Plaintiff alleges that this funding scheme violates the Fourteenth Amendment, which guarantees individual traffic court defendants a right to a neutral and detached judge in the first instance. Id. at 5-6.

Plaintiff currently has a traffic ticket and must make a court appearance by October 24, 2019. Id. at 4. Plaintiff argues that because of the funding scheme, his case will not be determined by a neutral and detached judge as mandated by the Fourteenth Amendment. Plaintiff asks that the court issue a preliminary and permanent injunction enjoining defendant Gavin Newsom, as Governor, from funding the trial courts of the State of California from penalty assessments, fines, and fees imposed on traffic court defendants who proceed to trial. Id. at 1. In his application to proceed IFP, plaintiff specifies that he needs a hearing held on the issue of a preliminary injunction prior to October 24, 2019, the date of his traffic court hearing. ECF No. 2 at 3.

////

////

////

B. Analysis

As plaintiff has previously been instructed in another case,[1] federal courts are barred by the doctrine of Younger abstention from interfering in most on-going state court cases. See Younger v. Harris, 401 U.S. 37, 43–54 (1971) (holding that federal courts cannot enjoin pending state criminal proceedings). As explained more fully below, the Younger abstention doctrine applies to the matters presented here. See Huffman v. Pursue, Ltd., 420 U.S. 592, 604 (1975) (extending Younger to civil enforcement actions "akin to" criminal proceedings); Juidice v. Vail, 430 U.S. 327, 335 (1977) (extending Younger to suits challenging the "core of the administration of a State's judicial system").

"Younger abstention is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges." ReadyLink Healthcare, Inc. v. State Compensation Insurance Fund, 754 F.3d 754, 759 (9th Cir. 2014). The Ninth Circuit also requires that "[t]he requested relief must seek to enjoin—or have the practical effect of enjoining—ongoing state proceedings." Id. (quoting AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1149 (9th Cir. 2007)). "Each element must be satisfied, and the date for determining whether Younger applies is the date the federal action is filed." Id. (internal citations omitted). Where Younger abstention is appropriate as to a request for declaratory or injunctive relief, the district court may not retain jurisdiction and must dismiss the action. Columbia Basin Apartment Ass'n v. City of Pasco, 268 F.3d 791, 799 (9th Cir. 2001).

Each element is satisfied in this case. First, state proceedings are ongoing and a final determination has not yet been made on plaintiff's traffic tickets; indeed, plaintiff specifies his hearing is at the end of this month. ECF No. 2 at 3. Second, the pending state action necessarily implicates the important state interest of the safety of its roadways. See Mackey v. Montrym, 443 U.S. 1, 17 (1979) (stating that the state has a paramount interest in preserving the safety of its public highways); see also Mich. Dep't of State Police v. Sitz, 496 U.S. 444, 455, (1990)

---

[1] Herships v. Cantil-Sakauye, No. 17-CV-00473-YGR, 2017 WL 2311394, at *5–6 (N.D. Cal. May 26, 2017), aff'd, 710 F. App'x 331 (9th Cir. 2018).

4

(upholding constitutionality of highway sobriety checkpoint program based, in part, on the state's interest in preventing drunken driving). Third, no reason exists that would bar the state court from addressing plaintiff's due process claims. And finally, plaintiff's requested relief, enjoining the collection of any penalty assessments and fines he may face, would effectively enjoin the pending state court proceedings on plaintiff's traffic tickets.

Accordingly, the Court finds that <u>Younger</u> abstention applies here as to plaintiff's claims related to his pending traffic tickets and the injunctive relief requested. This court is therefore divested of jurisdiction to hear any part of this action. <u>Columbia Basin Apartment Ass'n</u>, 268 F.3d at 799. For these reasons, the undersigned recommends the complaint be dismissed. The undersigned further recommends that leave to amend not be granted because, in light of the matters at issue in this case, the complaint's deficiencies could not be cured by amendment. <u>See Noll</u>, 809 F.2d at 1448. Plaintiff's motion for a preliminary injunction (ECF No. 4) should be denied as moot.

### III.  CONCLUSION

For the reasons explained above, plaintiff's request to proceed in forma pauperis, ECF No. 2, is GRANTED.

It is RECOMMENDED that:

1. The complaint, ECF No. 1, be DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2); and

2. The motion for a preliminary injunction, ECF No. 4, be DENIED as MOOT.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. <u>Id.</u>; <u>see also</u> Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's

////

////

order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: October 21, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE